UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20475-Civ-COOKE/BANDSTRA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff
vs.

STEVEN SCOPPETOULO, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER is before me on Defendants Steven Scoppetuolo's, Robert Tocci's Sarang Ahuja's[1], and Eric Gordon's motions to dismiss (ECF Nos. 27, 30, 32). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained below, Defendants' motions to dismiss are denied in their entirety.

### *I. BACKGROUND*

This case involves the alleged insider trading in securities of World Fuel Services Corporation ("World Fuel") before the corporation's May 2007 and August 2007 earnings announcements. (Compl., ECF No. 1). Defendants Steven Scoppetuolo ("Scoppetuolo") and Richard White ("White") are World Fuel executives. (*Id.* ¶¶ 12, 15). Defendant Richard Tocci ("Tocci") was a prior World Fuel executive, consultant and independent contractor. (*Id.* ¶ 13). Defendant Sarang Ahuja ("Ahuja") is a securities broker. (*Id.* ¶ 14). Defendant Eric Gordon ("Gordon") is an American Airlines pilot and is an acquaintance of Richard White. (*Id.* ¶ 16).

---

[1] Sarang Ahuja has adopted Scoppetuolo's and Tocci's motions to dismiss and memoranda of law. (*See* ECF Nos. 39, 82).

On February 16, 2010, the Securities and Exchange Commission (the "SEC") filed a Complaint alleging that Scoppetuolo, Tocci and White violated Section 17(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (Count I) and that all Defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Commission Rule 10b-5, 17 C.F.R. § 240.10b-5 (Count II). Specifically, the Complaint alleges Scoppetuolo, "abused his position of trust and confidence" when he tipped Tocci and Ahuja to material nonpublic information about World Fuel's earnings. (ECF No. 1 ¶¶ 2, 4). The Complaint further alleges White tipped Gordon to the same proprietary information. (ECF No. 1 ¶ 6). As a result of the material nonpublic disclosures, the SEC claims that Tocci, Ahuja and Gordon each purchased and traded World Fuel options for profit and in violation of federal securities laws.

Defendants Scoppetuolo, Tocci, Ahuja and Gordon now move to dismiss the Complaint for failure to state a cause of action. Collectively, Defendants argue that the Complaint fails to allege the materiality of the information disclosed, fails to allege the requisite scienter for an insider trading cause of action, and fails to satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). The allegations in the complaint are viewed in the light most favorable to the plaintiff. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While Rule 12(b)(6) does not permit dismissal of a well-

pleaded complaint simply because "actual proof of those allegations is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 55-556. To survive a motion to dismiss, a complaint must plead enough factual matter that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which plaintiff can recover.

Allegations of security fraud under § 10(b) and Rule 10b-5 are subject to the heightened pleading standards of Fed. R. Civ. P. 9(b). Rule 9(b) requires that a party alleging fraud "state with particularity the circumstances constituting the fraud." The Eleventh Circuit has cautioned that "Rule 9(b) must not be read to abrogate Rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directive of Rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir. 1985).

### III. DISCUSSION

Section 17(a) of the Securities Act prohibits fraud in the offer of sale of securities. Section 10(b) and Rule 10b-5 of the Exchange Act prohibit fraud in connection with the purchase or sale of securities. The elements for a claim for insider trading under Section 10(b) and Rule 10b-5 of the Exchange Act are the same under Section 17(a)(1) of the Securities Act. *Aaron v. SEC*, 446 U.S. 680 (1980)). Section 10(b) makes it "unlawful for any person … to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, … any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange]

Commissioner may prescribe…" 15 U.S.C. § 78j(b).  Pursuant to this authority, Rule 10b-5 makes it unlawful for any person:

>  (1) To employ any device, scheme or artifice to defraud,
>
>  (2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or
>
>  (3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,
>
>  in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

The SEC claims that Defendants are liable for civil penalties and should be ordered to disgorge all profits realized from the alleged unlawful communication of material nonpublic information under the traditional theory of insider trading.  Under this theory, a person violates the federal securities laws if he traded the securities of the corporation while in possession of material nonpublic information and acted with scienter.  *Chiarella v. United States*, 445 U.S. 222, 228-230 (1980); *see also Robbins v. Kroger Properties, Inc.*, 116 F.3d 1441, 1446 (11th Cir. 1997) (a plaintiff alleging securities fraud under Rule 10b-5 must plead: "(1) a false statement or omission of a material fact (2) made with scienter (3) upon which the plaintiff justifiably relied (4) that proximately caused the plaintiff's injury.").

*Material and Nonpublic Information*

Defendants contend that the Complaint should be dismissed because it fails to allege that the information conveyed was material and nonpublic.  Information is "material" if there is a "substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having sufficiently altered the 'total mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *see also Basic Inc. v. Levinson*,

4

485 U.S. 224, 231-32 (1988).  Materiality is a "mixed question of law and fact" because it involves the application of a legal standard to a particular set of facts and, accordingly, depends on the relevant circumstances of the case.  *TSC Indus.*, 426 U.S. at 449-450.  It is inappropriate to dismiss a securities fraud complaint at the pleading stage unless a reasonable person cannot identify the significance of the alleged misstatement or omission.  *Id.* at 450; *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162 (2d Cir. 2000); *Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 (9th Cir. 1996).

The facts and circumstances of this case sufficiently establish that the information disclosed by Scoppetuolo and White was material and nonpublic.  First, the source of the information favors a finding that the information was material and nonpublic. As the CFO and Vice President of Tax of World Fuel, any information from Scoppetuolo and White would necessarily be more specific and reliable than other information generally available, and quite inaccessible to the ordinary investor.  (ECF No. 1 ¶¶ 20-22, 34-35, 43-48, 56-57).  Second, the pattern of phone calls and text messages and subsequent stock purchases also indicates the information was material.  (*Id.* ¶¶ 23, 25-26, 40, 45, 48, 58-60).  Tocci, Ahuja and Gordon purchased World Fuel stock immediately following each of the alleged tips from Scoppetuolo and White. (*Id.* ¶¶ 27-32, 40-42, 48-55, 61-64).  Taken together, these allegations sufficiently plead the material and nonpublic nature of the alleged disclosed information.

*Scienter*

"[A] securities fraud plaintiff must plead scienter with particular facts that give rise to a strong inference that the defendant acted in a severely reckless fashion." *Bryant v. Avado Brands, Inc.*, 187 F.2d 1271, 1286 (11th Cir. 1999).  Mere allegations of opportunity and motive do not meet the scienter requirements.  *Id.* at 1285-86.   Scienter requires that the insider or

5

tippee possess material nonpublic information at the time of the trade. *U.S. S.E.C. v. Ginsburg*, 362 F.3d 1292, 1297 (11th Cir. 2004). Scienter also "requires that the material nonpublic information be used in a trade. Proof of knowledge of such information at the time of a trade 'gives rise to a strong inference of use.'" *Id.* (quoting *S.E.C. v. Adler*, 137 F.3d 1325, 1340 (11th Cir. 1998)). Suspicious timing of communications and trading may support an inference of bad faith and scienter. *Adler*, 137 F.3d at 1340 (citing *In re Apple Computer Sec. Litig.,* 886 F.2d 1109, 1117 (9th Cir. 1989) ("Insider trading in suspicious amounts or at suspicious times is probative of bad faith and scienter.")).

The SEC alleges that Scoppetuolo and White knew or should have known that the information communicated to Tocci, Ahuja and Gordon regarding World Trade's stale books and quarterly earnings was in breach of Scoppetuolo's and White's fiduciary duties to World Trade. The SEC also sets forth specific factual allegations that reveal a pattern of phone calls, text messages, meetings, stock purchases and subsequent trading resulting in profit by Tocci, Ahuja and Gordon. The SEC sufficiently pleads scienter insomuch as the SEC alleges that Defendants were in possession of the information thereby giving "rise to a strong inference of use" due to the suspicious timing of the communications and trading.

***Pleading Requirements of Fed. R. Civ. P. 9(b)***

Defendants also argue that the SEC did not plead fraud with the requisite particularity required by Fed. Rule Civ. P. 9(b). In order to survive a Rule 9(b) challenge, a complaint must specify: (1) what statements or omissions were made in what documents or oral presentation, (2) the time and place of the statement, as well as the person who made it, (3) the misleading content of the statement, and (4) what the defendants gained as a consequence. *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1371 (11th Cir. 1997). In cases of insider trading,

however, where the specific facts are peculiarly within the defendant's knowledge or control, the application of Rule 9(b) is relaxed to allow circumstantial evidence to plead the specific content and circumstances of insider tips. *United States ex rel. Russell v. Epic Healthcare Mgmt.* Group, 193 F.3d 304, 308 (5th Cir. 1999); *see also Adler*, 137 F.3d at 1341-42. However, "boilerplate and conclusory allegations will not suffice." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997). A plaintiff must still substantiate the circumstantial evidence with plausible factual allegations.

The SEC alleges the circumstances under which Defendants Tocci, Ahuja and Gordon acquired and used the material nonpublic information: (1) the suspicious timing phone conversations and text messages; (2) the proximity of Defendants obtaining the information and the subsequent trades of World Fuel options; (3) the specific trades made in advance of World Fuel's earning announcements; and (4) Defendants' prior trading history of World Fuel options. Although the SEC has not provided the precise words in the communications, the SEC's allegations, taken together with the Defendants' highly suspicious pattern of access to confidential information and subsequent stock purchases, is sufficient to survive Defendants' Rule 9(b) challenge. At this stage of the litigation, the SEC has alleged adequate circumstantial factual evidence to plead insider trading in violation of Sections 17(a)(1), 10(b) and Rule 10b-5. The Complaint survives Defendants' Rule 9(b) challenge.

### *IV. CONCLUSION*

The Complaint pleads materiality and scienter with the requisite particularity to survive Defendants' motions to dismiss and states a cause of action for violation of Section 17(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. Accordingly, I

**ORDER and ADJUDGE** that Defendants Steven Scoppetuolo's, Robert Tocci's Sarang Ahuja's, and Eric Gordon's motions to dismiss (ECF Nos. 27, 30, 32) are **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 27th day of January 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of Record*